**JOHNS MANVILLE CORP., Plaintiff**

v.

**LOCAL 20, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Defendant.**

**Case No. 3:13CV2015.**

United States District Court,
N.D. Ohio,
Western Division.

Filed July 3, 2014.

Margaret J. Lockhart, Marshall & Melhorn, Toledo, OH, for Plaintiff.

John M. Roca Gallon, Takacs, Boissoneault & Schaffer, Toledo, OH, for Defendant.

Margaret J. Lockhart, Toledo, OH, for Counter–Defendant.

## ORDER

JAMES G. CARR, Senior District Judge.

Plaintiff Johns Manville Corporation (Johns Manville or the Company) brings this suit against defendant Local 20, International Brotherhood of Teamsters (the Union) seeking a declaratory judgment to vacate an arbitrator's award reinstating former employee James Kruzel.

This court has jurisdiction pursuant to 29 U.S.C. § 185.

Defendant brings a counterclaim to enforce the Arbitrator's award. Pending are cross-motions for summary judgment. (Docs. 11, 12). For the following reasons, I grant plaintiff's motion and deny defendant's motion.

### Background

Johns Manville is a Delaware corporation with a plant in Waterville, Ohio. The Company is a party to a collective bargaining agreement (CBA) with the Union.

Since November, 2008, the Company has had a policy prohibiting smoking. The policy bars smoking except in designated areas outside of the plant. The Company enacted the policy to comply with Ohio law, which prohibits smoking indoors. The policy states that violators "will be subject to discipline up to and including discharge." (Doc. 1, at 3).

The CBA covered James Kruzel, the grievant in this dispute. On June 29, 2012 a supervisor found Kruzel smoking. He was in a room smelling of smoke and with the exhaust fans on. The fans should not have been on, as the Company reserves their use to specific purposes. The supervisor saw a cigarette on the floor. (Doc. 1, at 4).

The supervisor told Kruzel to go to his office. The supervisor did not bring the cigarette, and it was gone when he went back to pick it up. The supervisor suspended Kruzel pending an investigation. After the investigation, the Company fired Kruzel. The Company considered Kruzel's smoking violation to be a very serious violation of Company policy and its legal obligations. For those reasons, it determined firing was appropriate. (*Id.*).

After unsuccessfully grieving the termination, the Union requested arbitration under the CBA. The parties selected Colman R. Lalka as the Arbitrator. The Arbitrator held a hearing on April 19, 2013. He issued an award in favor of the Union on July 15, 2013. (Doc. 1, at 5).

Four provisions of the CBA are relevant:

**Article XV:** establishes a four-step grievance procedure for resolving differences between the parties.

Under Article XV, the Union can submit to arbitration if it is not satisfied after step one. The jurisdiction of the arbitrator is limited to specific issues outlined in the agreement. The arbitrator cannot reverse the Company on discipline or discharge decisions unless the arbitrator finds the Company has acted arbitrarily and without just cause, or in violation of the agreement. (Doc. 1–1, at 33).

**Article XVII:** reserves, to the Company, the right to "discipline or discharge employees for just cause." (Doc. 1–1, at 37).

**Article V:** "refusal or failure to comply with the Company rules may be cause for disciplinary action up to and including discharge of an employee for such violations." (Doc. 1, Ex. 1–1, at 9).

### A "Stipulation of Understanding:"

In the Stipulation, the parties agree that Johns Manville will use progressive discipline for less serious infractions. It further states the Company has the

right to determine the severity of infractions. The Company can choose which infractions warrant progressive discipline and which do not. (Doc. 1–1, at 62).

The Arbitrator found Kruzel knowingly violated the no-smoking policy. He acknowledged Kruzel also was untruthful, tried to conceal his misconduct, and subjected the Company to potential fines. The Arbitrator, however, determined there was not just cause for dismissal. Instead, he found that Kruzel deserved a lesser penalty. (Doc. 1–2, at 7).

To support his conclusion, the Arbitrator found the Company's failure to apply progressive discipline was not justified. The Arbitrator concluded such failure violated the "just cause" standard in Article XXVII. In his opinion, the Company had to show justification to forego progressive discipline. (*Id.*).

The Company seeks to have me vacate or modify the Arbitrator's award. Counterclaiming, the Union seeks injunctive relief to compel the Company's compliance with the Arbitrator's award.

### Summary Judgment Standard

A party is entitled to summary judgment on motion under Fed.R.Civ.P. 56 where the opposing party fails to show the existence of an essential element for which the party bears the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant must initially show the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548.

Once the movant meets that initial burden, the burden shifts "to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Rule 56(e) "requires the nonmov-

ing party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex, supra,* 477 U.S. at 324, 106 S.Ct. 2548.

In deciding a motion for summary judgment, I accept the non-movant's evidence as true and construe all evidence in the non-movant's favor. *Eastman Kodak Co. v. Image Tech. Servs., Inc.,* 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992).

### Discussion

The Union moves for summary judgment on grounds that: 1) the Arbitrator's decision was consistent with the CBA; and 2) the Company, not having made the arguments during the arbitration that it makes here, waived its contention that I should find the Arbitrator's decision arbitrary. According to the Union, both parties bargained for the right to arbitrate and the Arbitrator's decision is consistent with the CBA and standards of fairness.

Johns Manville counters that: 1) the Arbitrator exceeded his authority by failing to find, as the CBA requires, that it acted arbitrarily; 2) the Arbitrator was not arguably construing or applying the contract's terms; and 3) it did not waive its ability to rely on the express language of the CBA in this proceeding.

### A. Waiver

I deal first with the issue of waiver.

■ The Union accurately notes that a party may not raise arguments on appeal that it did not make to the Arbitrator. *Titan Tire Corp. of Bryan v. United Steelworkers of America, Local 890L,* 656 F.3d 368, 373 n. 3 (6th Cir.2011).

■ The issue in this case, however, is whether the Arbitrator exceeded his authority—not that the Company is raising a new argument. In other words, the issue arises from the determination of the Arbi-

trator, not from an argument the Company could have brought up to the Arbitrator. It was impossible for the Company to have raised a challenge to the Arbitrator's decision before the Arbitrator rendered that decision.

Johns Manville has not waived its claims.

### B. Whether The Arbitrator Exceeded His Authority

#### 1. The Arbitrator Did Not Address Whether The Company's Action Was Arbitrary

The Union claims the Arbitrator arguably interpreted the contract and therefore I am without have authority to vacate his award. It argues that, because the parties stipulated the issue of just cause, the Arbitrator does not need to look at the whole CBA. It further argues that, even if a finding of arbitrariness was required, the Arbitrator need not give a reason for his opinion.

The Company counters that the Arbitrator acted outside the scope of his authority by not arguably interpreting the CBA. It argues the Arbitrator must make a finding of arbitrariness before reversing a disciplinary decision. Without this finding, according to the Company, the Arbitrator lacked authority to proceed.

■ The Supreme Court has held that "an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to administer his own brand of industrial justice." *United-ed Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Under *Steelworkers*, to vacate the award, a court must find the arbitrator did not confine him—or herself to the CBA, and it appears that the arbitrator was trying to apply a personal brand of industrial justice.

■ I give an arbitrator deference when he or she is arguably interpreting the contract. *Michigan Family Resources Inc. v. Service Employees Int'l Union Local*, 475 F.3d 746 (6th Cir.2007). When reviewing the decision, however, I cannot ignore a decision that disregards the contract's plain language. *Id.* at 753. If that occurs, I must vacate the award. *Wyandot, Inc. v. Local 227, United Food and Commercial Workers Union*, 205 F.3d 922, 929 (6th Cir.2000).

■ The issue in this case is whether the Arbitrator arguably construed the contract. An arbitrator must base a decision to overturn a disciplinary action on the CBA's plain language.

Article XV contains the standard for an arbitrator to overturn the Company's disciplinary action. (Doc. 1–1, at 33). To set aside the Company's action, the Arbitrator must find "that the company has acted arbitrarily *and* without just cause." (Emphasis supplied). The CBA unequivocally states the Arbitrator must find both elements before reversing the disciplinary action.

The Company and Union agreed to stipulate to the issue for the Arbitrator's decision; namely, "Did the company have just cause to discharge the grievant, if not what is the remedy." (Doc. 13–1, at 2).

■ The Supreme Court has said "a party cannot be required to submit to arbitration any dispute which he has not agreed to submit." *United Steelworkers of America v. Warrior and Gulf Navigation Company*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). The Union contends that the sole issue for the Arbitrator to have decided was just cause. Thus, in the Union's view the Arbitrator did not have to find the action was arbitrary. When submitting the question of remedy, however, the entire of the CBA relating to remedy

is at issue. The terms of the CBA bind the Arbitrator.

The decision from the Arbitrator substantially deviated from the standard of the contract. The Arbitrator did not address whether the Company's decision was arbitrary. The award said "Reversing the decision of the Company is matters involving fairness of ... discharge ... only if it is found that the Company has acted ... with-out just cause ..." (Doc. 1–2, at 3). The Arbitrator edited out, with ellipsis, the language requiring a concurrent finding of arbitrariness. Without a finding of arbitrariness, the Arbitrator did not have authority to reverse the disciplinary decision. Thus, I must vacate his award.

■ The Union correctly points out that arbitrators need not give reasons for their awards. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). The situation here is distinguishable from that in *Steelworkers*. There the arbitrator gave no reasons for his conclusion: but gave his conclusion, which accorded with the contract's terms.

Here, in contrast, the Arbitrator failed to provide a conclusion as to which the contract required a decision.

2. Discretion re. Progressive Discipline

The Union also asserts the Company failed to follow the CBA's progressive discipline sequence. The Union also argues that in any event, the Arbitrator, even if the Company pursued progressive discipline, considered that it did so. The Union further contends that the Company has not exercised its right because it did not post the policy nor have an agreement with the union. It further argues that the Arbitrator considered the language when he determined there was no just cause.

■ The Company counters that it exercised its right when it decided to fire Kruzel. Further, in its view, the Arbitrator was not arguably construing the CBA when he ignored language expressly allowing the Company the right to forego progressive discipline.

The "Stipulation of Understanding" of the CBA allows the Company to determine the severity of infractions. The Company decides whether the infractions warrant progressive discipline. There is no mention of needing to "exercise" the right to apply that approach. (Doc. 1–1, at 62).

The Arbitrator did not mention the Company's right to determine whether to follow progressive discipline. He ignored the "Stipulation of Understanding" and did not include it in the decision. (Doc. 1–2, at 2) This is provision is material provision. Consequently, the Arbitrator had to address the issue. By ignoring the "Stipulation of Understanding," the Arbitrator was not arguably interpreting the contract. As a result, he undertook administering his own brand of industrial justice.

No smoking policies are important for worker and work place safety. Ohio law, compels the Company to prevent indoor smoking. The Company's failure to do so can subject it to fines. A non-smoking policy can protect worker health, reduce healthcare costs, maintain plant cleanliness, avoid contamination of products and work areas, reduce the risk of fire and make the workplace ore pleasant for smokers and non-smokers alike.

In light of these considerations, the Company should be, and under the CBA is able to treat infractions as seriously as it desires. This means bring able to forego progressive discipline on discovery of an infraction.

Firing is the capital punishment of labor relations. But, as in any circumstance, an extreme sanction, even for an arguably trivial or first-time violation, can serve a

useful deterrent public purpose. In this case, the Company was within its contractual prerogatives.

By ignoring the plain language of the contract's provisions, the Arbitrator was not arguably interpreting the contract. The Arbitrator exceeded his authority and, I must vacate, the award.

### Conclusion

It is, therefore,

ORDERED THAT:

1. Defendant's motion for summary judgment (Doc. 11) be, and the same hereby is denied; and

2. Plaintiff's cross-motion for summary judgment (Doc. 12) be, and the same hereby is granted.

So ordered.